**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAMES SLATER,**

            **Plaintiff,**

**-vs-**                                               **Case No. 6:05-cv-1738-Orl-28DAB**

**MAJESTIC DESIGNS OF EDGEWATER, INC.,**

            **Defendant.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO STRIKE AFFIRMATIVE DEFENSES (Doc. No. 8)**
>
> **FILED:**      **December 30, 2005**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff moves presumably under Rule 12(f), Fed. R. Civ. P., to strike paragraphs three and six of Defendant's Affirmative Defenses, on the grounds that they are insufficient defense, as a matter of law, to a claim for unpaid wages under the Fair Labor Standards Act ("FLSA"). The Court agrees with Plaintiff and the defenses are hereby **STRICKEN.**

The third affirmative defense asserts that Plaintiff's claim for damages is barred by the doctrines of waiver and estoppel. The sixth affirmative defense asserts that Plaintiff is estopped "because of her failure to avail herself of any grievance procedure for wage discrepancies provided

by Defendant." As correctly pointed out by Plaintiff, and as previously noted by this Court, FLSA rights are generally not waivable:

> Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees. The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee ... affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be...." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver. or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S.Ct. 895, 89 L.Ed. 1296 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir.1982).

*Dail v. George A. Arab Inc.*, 391 F.Supp.2d 1142, 1145 (M.D. Fla. 2005).

In response, Defendant argues that it asserts waiver and estoppel in this case "based on the fact that Plaintiff never worked more than 40 hours and was always paid at least minimum wage." (Doc. No. 9 at 2). This, of course, is not an affirmative defense at all, but rather, a simple denial of the Plaintiff's allegations. Defendant's assertion that Plaintiff "waived his right to make a claim for overtime and minimum wages since the Plaintiff was paid in accordance with both the FLSA and the Florida Constitution" (Doc. No. 9 at 3) begs the essential question in the case and adds nothing that is not already presented by denial. Either Plaintiff was paid properly or he wasn't. Even assuming Plaintiff was paid appropriately and Defendant owes nothing, there is no authority to support Defendant's position that payment of wages waives your right to *sue*. The motion to strike is **granted.**

**DONE** and **ORDERED** in Orlando, Florida on January 17, 2006.

*David A. Baker*
　　　DAVID A. BAKER
　　　UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record